ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
PETER F. LAURA, SBN 116426 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Avenue, 5th Floor West
P.O. Box 36025
San Francisco, CA  94102-3661
Telephone No. (415) 522-3077
Fax No. (415) 522-3425
Peter.Laura@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CHIPOTLE MEXICAN GRILL, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**CIVIL RIGHTS – EMPLOYMENT DISCRIMINATION**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Austin Melton who was adversely affected by such practices.  As alleged below, Defendant Chipotle Mexican Grill, Inc. subjected Mr. Melton to a hostile work environment based on his sex, male.  In addition, Defendant retaliated against Mr. Melton after he complained about the harassment, and constructively terminated his employment.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e-5(f)(1) and (3) and §102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in the United States District Court for the Northern District of California because the alleged unlawful employment practices were committed within the city of San Jose and the county of Santa Clara.

**INTRADISTRICT ASSIGNMENT**

3. This action is appropriate for assignment to the San Jose Division of this Court because the unlawful employment practices alleged were committed in Santa Clara County, which is within the jurisdiction of the San Jose Division.

**PARTIES**

4. Plaintiff, the Equal Employment Opportunity Commission (EEOC), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant, Chipotle Mexican Grill, Inc. (the Employer or Defendant) has continuously been a Delaware corporation doing business in the State of California and the City of San Jose, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce, within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

**ADMINISTRATIVE PROCEDURES**

7. More than 30 days before the filing of this lawsuit, Austin Melton filed a timely charge with the EEOC alleging that Defendant violated Title VII.

8. On July 14, 2017, the EEOC issued to Defendant a Determination for Austin

1  Melton's charge finding reasonable cause to believe that Defendant violated Title VII by subjecting
2  Mr. Melton to sexual harassment and retaliation, and by constructively terminating his employment.
3  The EEOC invited Defendant to join with the EEOC in informal methods of conciliation to endeavor
4  to eliminate the unlawful employment practices and provide appropriate relief.

5      9.    On August 3, 2017, the EEOC sent Defendant a conciliation proposal outlining the
6  terms required for resolution of the charge and claims described in the Determination referenced in
7  paragraph 8, above.

8      10.    The EEOC was unable to secure from Defendant a conciliation agreement acceptable
9  to the EEOC.

10      11.    By letter dated August 10, 2017, the EEOC notified Defendant that the EEOC had
11  determined that efforts to conciliate the charge were unsuccessful and that further conciliation would
12  be futile or non-productive. The letter also informed Defendant that the EEOC would not make any
13  further efforts to conciliate the charges.

14      12.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### First Claim - Sexual Harassment

17      13.    Since at least April 1, 2015, Defendant Employer has engaged in unlawful
18  employment practices at its restaurant, in violation of Section 703(a)(1) of Title VII, 42 U.S.C.
19  §2000e-2(a)(1). These practices, which continued on a regular basis, included subjecting Mr.
20  Melton to harassment on the basis of his sex, male, which created an offensive, abusive,
21  intimidating, and hostile work environment. The harassment included both verbal and physical acts.

22      14.    Mr. Melton commenced his employment with Chipotle on August 27, 2012 as a
23  Service Manager at Defendant's Cupertino location.

24      15.    Defendant Chipotle Mexican Grill is a chain of fast casual restaurants in the United
25  States, United Kingdom, Canada, Germany, and France, specializing in tacos and burritos.

26      16.    Mr. Melton's supervisor, General Manager began subjecting him to unwelcome
27  sexual comments, propositions and physical touching in April 2015 after he transferred to the North
28  Capitol Avenue restaurant in San Jose, CA. For example, the General Manager slapped, groped, and

1  grabbed Mr. Melton's buttocks and groin area numerous times. The General Manager also made sexually charge comments to Mr. Melton such as: "I'll pay for sex," "I want to watch you have sex with your girlfriend," "I want to do a threesome with you and your girlfriend," and "You're hot."

17. The General Manager also frequently talked about her sex life and about her desired sexual partners in front of Mr. Melton, and often inquired about Mr. Melton's sex life as well as other employees' sex lives. The General Manager also made sexual gestures. She used vegetables to simulate sex acts, and simulated performing cunnilingus. The General Manager also direct-messaged Mr. Melton and other employees Instagram pictures of herself in her underwear. The General Manager subjected all staff to a sex "score board" which she posted in her office. Each day, she asked each crew member, including Mr. Melton, whether he or she had intercourse the previous evening. If crew members said "yes" or refused to participate, the General Manger checked the box for "yes" on the scoreboard. And if the crew member answered "no," she demeaned the employee.

18. The General Manager also was prone to violence. On one occasion, she hit Mr. Melton over the head with a pan. Mr. Melton also saw the General Manger throw kitchen items at crew members, slap crew members on the back of the head, and punch the wall until her hands bled.

19. Mr. Melton and a co-worker complained to a Team Leader, the General Manger's supervisor, in early September 2015 when the Team Leader was conducting a walk-through of the restaurant. The Team Leader told Mr. Melton that he would talk to the General Manager. However, the General Manger's sexual harassment continued.

20. Mr. Melton complained verbally to the Team Leader a second time in October 2015. The Team Leader called the General Manger into a meeting with Mr. Melton. Mr. Melton complained about the General Manager's behavior during the meeting. During the meeting, the General Manager became hostile and started screaming at Mr. Melton. Nevertheless, the harassing behavior persisted: the General Manager continued to post the sex scoreboard and continued to make sexual comments.

21. The effect of the practices complained of in paragraphs 13 through 20 above has been to deprive Mr. Melton of equal employment opportunities and otherwise adversely affect his status as an employee, because of his sex, male.

22. The unlawful employment practices complained of in paragraphs 13 through 20 above were intentional.

23. The unlawful employment practices complained of in paragraphs 13 through 20 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

**Second Claim - Retaliation**

24. The EEOC hereby incorporates the allegations of paragraphs 1 through 23 above as though fully set forth herein.

25. Since at least approximately September 2015, Defendant engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. §2000e-3(a), by taking adverse employment actions against Mr. Melton, in unlawful retaliation for exercising his right to complain of sexual harassment.

26. In September and October 2015, Mr. Melton complained to Defendant's Team Leaders, that the General Manger had been verbally and physically harassing him.

27. After the second complaint in October, managers and employees retaliated against Mr. Melton. For example, Defendant Managers told the North Capitol Avenue employees not to speak to Mr. Melton. The employees complied and ostracized him.

28. In October 2015, employees locked Mr. Melton in a walk-in freezer. He pounded on the door and yelled for someone to open the door. Nobody responded. Mr. Melton escaped through an emergency exit. When he re-entered the restaurant, he discovered that a steel rod had been lodged in a hole in the door handle to prevent him from opening the door.

29. Employees also picked up his motorcycle and moved it to a different area in the parking lot. When he confronted his co-workers, they laughed at him.

30. Defendant took the actions described in paragraphs 25 through 29 above in retaliation for Mr. Melton's complaints of sexual harassment.

31. The effect of the actions complained of in paragraphs 25 through 29 above has been to deprive Mr. Melton of equal employment opportunities and otherwise adversely affect his status as an employee because he engaged in statutorily protected activities.

32. The unlawful employment practices complained of in paragraphs 25 through 29 above were intentional.

33. The unlawful employment practices complained of in paragraphs 25 through 29 above were done with malice or with reckless indifference to the federally protected rights of Mr. Melton.

## THIRD CLAIM FOR RELIEF
### Constructive Discharge

34. Plaintiff EEOC hereby incorporates the allegations of paragraphs 1 through 33 above as though fully set forth herein.

35. Since the beginning of April 2015, and thereafter, the General Manager sexually harassed Mr. Melton.  Mr. Melton complained at least twice, but the harassment continued.  In addition, managers and employees targeted Mr. Melton for retaliation, such as refusing to speak to him, locking him in a walk-in freezer and moving his motorcycle.

36. The acts of Defendant described in paragraph 35 above and the First and Second Claims for Relief made Mr. Melton's working conditions so intolerable that a reasonable person would have felt compelled to resign.  Mr. Melton felt compelled to resign and was constructively discharged on October 23, 2015.

37. The effect of the actions complained of in paragraphs 35 and 36 above has been to deprive Mr. Melton of equal employment opportunities and otherwise adversely affect his status as an employee.

38. The unlawful employment practices complained of in paragraphs 35 and 36 above were intentional.

39. The unlawful employment practices complained of in paragraphs 35 and 36 above were done with malice or with reckless indifference to the federally protected rights of Mr. Melton.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

40. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with it,

from creating, failing to prevent and failing to promptly correct an offensive, abusive, intimidating, and hostile work environment on the basis of sex, and/or engaging in any other employment practice that discriminates on the basis of sex; and/or from engaging in unlawful retaliation for engaging in protected activity.

41. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for men, and which eradicate the effects of its past and present unlawful employment practices.

42. Order Defendant Employer to make whole Mr. Melton, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Mr. Melton.

43. Order Defendant Employer to make whole Mr. Melton by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses and medical expenses, in amounts to be determined at trial.

44. Order Defendant Employer to make whole Mr. Melton by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in above, including inconvenience, pain and suffering, loss of enjoyment of life, anxiety, stress, and humiliation, in amounts to be determined at trial.

45. Order Defendant Employer to pay Mr. Melton punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

46. Grant such further relief as the Court deems necessary and proper in the public interest.

47. Award the EEOC its costs of this action.

///
///
///
///
///

**JURY TRIAL DEMAND**

The EEOC requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC  20507

Dated: September 18, 2017        */S/ Roberta L. Steele*
ROBERTA L. STEELE
Regional Attorney

Dated: September 18, 2017        */S/ Marcia L. Mitchell*
MARCIA L. MITCHELL
Supervisory Trial Attorney

Dated: September 18, 2017        */S/ Peter F. Laura*
PETER F. LAURA
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office