# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC., et al.,<br><br>Defendants. | Case No. 17-cv-05382-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND THE FACT DISCOVERY CUTOFF FOR ADDITIONAL DEPOSITIONS**<br><br>[Re: ECF 63] |

Before the Court is Plaintiff's Motion to Extend the Fact Discovery Cutoff for Additional Depositions ("Motion"). Motion, ECF 63. Fact discovery in this action closed on June 3, 2019. *See* ECF 52 at 4. Plaintiff "moves the Court for an order extending the fact discovery cut-off deadline only to take depositions [] to August 1, 2019." Motion at 1. No other deadlines would be affected. *See id.* Defendants oppose on the grounds that "Plaintiff fails to present any 'good cause' to extend the schedule as required by Rule 16." *See* Opp'n at 1, ECF 67. For the reasons stated below, Plaintiff's Motion is GRANTED.

A party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). A "good cause determination focuses primarily on the diligence of the moving party." *Yeager v. Yeager*, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Courts may take into account any resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson,* 975 F.2d at 609).

The Court previously granted the parties' stipulation to extend the fact discovery deadline from May 1, 2019, to June 3, 2019. *See* ECF 52 at 4. Plaintiff argues there is good cause to further extend the fact discovery deadline to August 1, 2019, for taking depositions because "[w]ithout this limited extension [Plaintiff] will be deprived of the opportunity to discover facts about persons only identified as percipient witnesses within the last month." *See* Motion at 3. Plaintiff notes that from April 22, 2019, to June 3, 2019, Defendants disclosed nineteen additional witnesses in their amended Rule 26 disclosures. *See* Motion at 1–2; *see also* Baker Decl. ¶ 2. Some of these witnesses "came as a surprise." Baker Decl. ¶ 2. Between April 22 and June 3, the parties completed the depositions of six of these individuals, but others have not been deposed (and some have yet to be located). *See* Baker Decl. ¶¶ 3–4. Defendants counter that "Plaintiff cannot meet the burden of establishing good cause because it has not been diligent." *See* Opp'n at 3. The Court disagrees. Having reviewed the parties' submissions, the Court finds that Plaintiff has shown "good cause" under Fed. R. Civ. P. 16(b)(4) to modify the fact discovery deadline for taking depositions. The Court rejects Defendants' alternative proposal to extend discovery that is not limited in scope. *See* Opp'n at 5.

Accordingly, Plaintiff's Motion is hereby GRANTED. The fact discovery cut-off deadline shall be extended to August 1, 2019, for the limited purpose of enabling the parties to complete depositions of individuals disclosed in the parties' respective Rule 26 disclosures and to resolve current discovery disputes, including those pending before Magistrate Judge van Keulen, and, if ordered, to engage in further discovery arising from those disputes.

The Court also notes that both parties' briefing fails to comply with the undersigned's standing order that requires any and all footnotes to by no less than 12-point font and double-spaced. *See* Standing Order re Civil Cases ¶ IV.F. Any future briefing that fails to comply with the standing order will be stricken.

**IT IS SO ORDERED.**

Dated: June 10, 2019

_____
BETH LABSON FREEMAN
United States District Judge