|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **NORTHERN DISTRICT OF CALIFORNIA** | |
| **SAN JOSE DIVISION** | |

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

CHIPOTLE MEXICAN GRILL, INC., et al.,

    Defendants.

Case No. 17-cv-05382-BLF

**ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

[Re: ECF 79]

Before the Court is the Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge filed by Plaintiff Equal Employment Opportunity Commission ("EEOC") on July 9, 2019. Mot., ECF 79. Pursuant to Federal Rule of Civil Procedure 72 and Civil Local Rule 72-2, EEOC challenges the portions of Magistrate Judge van Keulen's June 24, 2019 order requiring EEOC to respond to Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC's written 30(b)(6) discovery requests with respect to Topics 10–14, concerning the factual basis underlying EEOC's determination of the Charging Party's charge against Defendants. ECF 77 at 3. The Court ordered further briefing on EEOC's motion on July 15, 2019. ECF 85. Defendants responded on July 23, 2019. ECF 87. The Court has reviewed the parties' briefs in response to the Court's order requiring additional briefing, the supporting exhibits, Judge van Keulen's Order, and the parties' discovery letter regarding the dispute (ECF 73), which formed the basis for that Order. For the reasons that follow, EEOC's Motion as to Topics 10–14 is GRANTED.

**I. BACKGROUND**

This is a Title VII lawsuit brought by EEOC on behalf of the charging party, Austin Melton, for unlawful employment practices on the basis of sex. *See* Am. Compl. ("FAC"), ECF

26. Before filing suit here, EEOC "issued to Defendants a Determination ['Determination Letter'] for Austin Melton's charge finding reasonable cause to believe that Defendants violated Title VII by subjecting Mr. Melton to sexual harassment and retaliation, and by constructively terminating his employment." FAC ¶ 9.

In the course of discovery, the parties agreed to provide written responses to each other's 30(b)(6) deposition notices instead of producing witnesses. *See* ECF 73. Defendants' 30(b)(6) discovery topics included five topics relating to the basis of EEOC's Determination Letter (Topics 10–14):

> Deposition Topic 10: Facts and evidence on which the EEOC based its determination that "Charging Party was subject to severe and pervasive sexual harassment by Samson and that the Charging Party and other individuals were intimidated by Samson's violence if they did not 'play along'" as stated in the EEOC's 7/14/17 Determination letter. . . .
>
> Deposition Topic 11: Facts and evidence on which the EEOC based its determination that "[e]vidence show that Charging Party's hours were reduced in connection the Charging Party's verbal complaint of sexual harassment[,] as stated in the EEOC's 7/14/17 Determination letter. . . .
>
> Deposition Topic 12: Facts and evidence on which the EEOC based its determination that "[w]itness statements support Charging Party's allegations and show that Charging Party was further ostracized for complaining about Samson[,] as stated in the EEOC's 7/14/17 Determination letter. . . .
>
> Deposition Topic 13: Facts and evidence on which the EEOC based its determination that "[b]ecause Respondent did not correct its actions, Charging Party had no other option but to resign, as constructive discharge [,] as stated in the EEOC's 7/14/17 Determination letter. . . .
>
> Deposition Topic 14: Facts and evidence on which the EEOC based its determination that "[the EEOC] find[s] that there is reasonable cause to believe that Respondent discriminated and retaliated against Charging Party [,] as stated in the EEOC's 7/14/17 Determination letter. . . .

Cavanagh Decl. ISO Opp., Ex. A at 19–26, ECF 87-2. EEOC did not substantively respond to these topics, invoking in part the governmental deliberative process privilege in response to each. *Id.*

The parties subsequently filed a joint discovery letter brief, which concerns in relevant part Defendants' challenges to EEOC's refusal to answer Topics 10–14. *See* ECF 73. EEOC argued

1  that Defendants were not entitled to the requested information because "[t]he substance of the EEOC pre-suit investigation is not judicially reviewable" and therefore not relevant, and that the information was protected by the deliberative process privilege. *See id.* at 9–10. Defendants refuted these assertions. *See id.* at 6–7.

Judge van Keulen sided with Defendants and ordered EEOC to respond to Topics 10–14. ECF 77 at 3. Specifically, Judge van Keulen found that Defendants sought only "the determinative facts and evidence that support the specific findings of the EEOC," they did "not seek any privileged information." *Id.* Judge van Keulen surmised that in making its Determination, the EEOC likely "(1) conducted an investigation; (2) identified relevant facts; (3) evaluated those facts; and (4) reached its conclusions." *Id.* Judge van Keulen held that Topics 10–14 were targeted only at the "identified relevant facts" step and not at the EEOC investigation of or evaluation of those facts. *Id.* Judge van Keulen concluded that "[t]he EEOC has not identified a privilege that protects the facts that support findings because there is none." Judge van Keulen ordered the EEOC to respond to these topics.

EEOC then filed the instant motion challenging that holding. ECF 79.

## II. LEGAL STANDARD

A district court may refer nondispositive pretrial issues to a magistrate under 28 U.S.C. § 636(b)(1)(A). "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); Civ. L.R. 72-2; *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error," and the district court may only set aside those factual determinations if it is left with a "definite and firm conviction that a mistake has been committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010); *see also Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999); *Burdick v. Comm'r Internal Rev. Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992). "[T]he magistrate's legal conclusions are reviewed *de novo* to determine whether they are contrary to law." *Perry*, 268 F.R.D. at 348.

3

## III. DISCUSSION

EEOC argues that Judge van Keulen's order is contrary to law because Defendants requested topics seek information that is both protected by the deliberative process privilege and irrelevant. Because the Court agrees with EEOC that Judge van Keulen's ruling with respect to the deliberative process privilege is contrary to law, the Court does not reach EEOC's relevance argument, except to the extent that relevance is a factor in the balancing of interests determination discussed below.

The deliberative process privilege shields from disclosure intra-governmental communications relating to matters of law or policy. *See Nat'l Wildlife Federation v. U.S. Forest Serv.*, 861 F.2d 1114, 1116–17 (9th Cir. 1988). The purpose of the privilege is to protect the quality of governmental decision-making by "maintaining the confidentiality of advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Id.* at 1117 (citation omitted).

To qualify for protection under the deliberative process privilege, a document must be both (1) "predecisional," that is, "antecedent to the adoption of agency policy" and (2) "deliberative," meaning that "it must actually be related to the process by which policies are formulated." [1] *Id.* (citation omitted); *accord United States v. Fernandez*, 231 F.3d 1240 (9th Cir. 2000). The privilege does not cover "[p]urely factual material that does not reflect the deliberative process." *Desert Survivors v. US Dep't of the Interior*, 231 F. Supp. 3d 368, 379 (N.D. Cal. 2017) (quoting *FTC v. Warner Communications Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984)). However, the privilege does apply where the "factual material is so interwoven with the deliberative material that it is not severable." *Warner Comms.*, 742 F.2d 1156, 1161 (citing *Binion v. Dep't of Justice*, 695 F.2d 1189, 1193 (9th Cir. 1983)). "In other words, whenever the unveiling of factual materials would be tantamount to the publication of the evaluation and analysis of the multitudinous facts conducted by the agency, the deliberative process privilege applies." *Nat'l Wildlife Federation*, 861 F.2d at 1118 (citation and internal quotation marks omitted).

---

[1] Defendants do not argue that the information is neither predecisional nor deliberative.

4

In reaching her conclusion that Topics 10–14 "do not seek any privileged information," Judge van Keulen failed to apply this law by apparently failing to consider whether the sought "factual material is so interwoven with the deliberative material that it is not severable." *Warner Comms.*, 742 F.2d at 1161. Judge van Keulen identified that the topics "are . . . directed at only the second step in the process"—facts identified by EEOC as relevant to its Determination. ECF 77 at 3. Judge van Keulen held that no privilege "protects the facts that support findings." *Id.* at 3. This is an incorrect statement of the law. As the caselaw makes clear, the deliberative process privilege protects facts if they are "so interwoven with the deliberative material" that "the unveiling of factual materials would be tantamount to the publication of the evaluation and analysis of the multitudinous facts conducted by the agency." *Nat'l Wildlife Federation*, 861 F.2d at 1118. Because Judge van Keulen did not consider whether revelation of the "identified relevant facts" would be tantamount to revelation of the deliberative process, her holding is contrary to law.

Applying the appropriate law, the Court finds that the deliberative process privilege protects EEOC from responding to Topics 10–14. The Topics require EEOC to disclose the "[f]acts and evidence *on which the EEOC based its determination*" of various conclusions in the Determination. Cavanagh Decl., Ex. A at 19–26 (emphasis added). Thus, Defendants ask EEOC explicitly to disclose only those facts that underpin the determinations and implicitly to exclude those facts that were not pertinent to the decision. By disclosing the facts on which it based its conclusions, EEOC would be required to provide Defendants unwarranted insight into how those facts played into the EEOC's decisionmaking process. The deliberative process privilege protects such a disclosure. As another district court in this circuit recognized, "asking [the EEOC] . . . to even set forth the selected facts which constitute the factual basis of the probable cause finding would infringe on the deliberative process privilege as it would reveal the EEOC's evaluation and analysis of the extensive factual information gathered by the agency." *EEOC v. Pinal Co.*, 714 F. Supp. 2d 1073, 1077 (S.D. Cal. 2010). Though Defendants argue that they requested only "the *facts* from which the EEOC worked to resolve the charges" and that they "did not request the supporting facts, or the determinative facts, or even the material facts," this statement is patently

5

untrue. ECF 88 at 2. The Topics request only facts that form the basis of the determination.

Having found the deliberative process privilege may apply, the Court now turns to whether Defendants have nevertheless demonstrated that disclosure of the materials is warranted. The deliberative process privilege is a qualified privilege. *Warner Comms.*, 742 F.2d at 1161. "A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Id.* The Ninth Circuit in *Warner Communications* set forth four non-exclusive factors that courts may consider in determining whether the litigant has met this requirement: "(1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.* "Other factors that a court may consider include: (5) the interest of the litigant, and ultimately society, in accurate judicial fact finding, (6) the seriousness of the litigation and the issues involved, (7) the presence of issues concerning alleged governmental misconduct, and (8) the federal interest in the enforcement of federal law." *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003).

The Court finds that disclosure is not appropriate under this multi-factor balancing test. Perhaps most importantly, the evidence sought is not relevant to this case. EEOC's Determination is not the subject of this action; EEOC's claims against Defendants are the subject of this action. Parties may only "obtain discovery . . . that is relevant to any party's claim or defense." Fed. R. Civ. Proc. 26(b); *see also* F.R.E. 401 ("Evidence is relevant if . . . the fact is of consequence in determining the action."). The question for the jury will be the sufficiency of the evidence of the claims, not the sufficiency of evidence of EEOC's pre-suit review. And the evidence on which EEOC based its Determination is not necessarily coextensive with the evidence relevant to the claims and defenses here.

Moreover, the relevant evidence is available to Defendants through other avenues. Indeed, in the same 30(b)(6) requests, Defendants asked EEOC for the "[f]actual information and source of such information that supports" various substantive allegations in the complaint. Cavanagh Decl., Ex. A at 2–7. EEOC substantively responded to these topics. And EEOC disclosed

documents from Mr. Melon's investigative file, including interview notes for four witnesses. Baker Decl. ISO Mot. ¶ 2, ECF 80.  Defendants also have had the opportunity to depose or defend at deposition all four individuals interviewed by EEOC. *Id.* ¶ 3.  Again, the Court reiterates that Defendants are free to obtain discovery of all facts relevant to the *claims* in the case; this Order does not hinder that right.

Though this litigation is serious and the Government is a litigant in the case, these factors do not tip the balance in favor of disclosure given that the requested evidence is irrelevant with respect to the claims and that forcing EEOC to disclose its deliberative process in cases such as this might chill administrative officers from conducting a fulsome investigation in such circumstances.

In conclusion, the Court finds that under the appropriate legal standard, the requested evidence is protected by the deliberative process privilege, so EEOC is not required to respond to Topics 10–14.  Because Judge van Keulen did not apply the appropriate legal standard, the Court GRANTS EEOC's motion for relief.

## IV. ORDER

Based on the foregoing, EEOC's motion for relief from a non-dispositive magistrate judge order is GRANTED.

**IT IS SO ORDERED.**

Dated: August 1, 2019

BETH LABSON FREEMAN
United States District Judge