UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EEOC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHIPOTLE MEXICAN GRILL, INC., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-05382-BLF (SVK)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR AN ORDER TO THIRD PARTY SHERRY MIRANDA TO APPEAR AT DEPOSITION AND FOR AN ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 93 |

Before the Court is the motion of Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (collectively, "Chipotle" or "Defendants") for an order compelling third party Sherry Miranda to appear at deposition and for an order to show cause as to why Ms. Miranda should not be held in contempt and sanctioned for her failure to comply with a deposition subpoena and with this Court's July 25, 2019 order concerning her deposition. ECF 93. Ms. Miranda submitted a response to the motion. ECF 103. Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for determination without oral argument. Based on a review of the parties' submissions, the case file, and relevant law, the Court DENIES Chipotle's motion for the reasons discussed below. The order to show cause hearing tentatively scheduled for August 21, 2019 is VACATED.

## I.   BACKGROUND

Ms. Miranda is not a party to this case. She is a former Chipotle employee who filed a state court action against Chipotle in 2016, alleging that she had been subjected to sexual harassment and retaliation by the same general manager accused of sexual harassment and retaliation against Charging Party Austin Melton in this case. ECF 89 at 2. The EEOC's complaint in this case alleges that Mr. Melton and a co-worker reported the harassment to

management to no avail. ECF 26 at ¶ 20. The parties appear to agree that Ms. Miranda is the co-worker to whom the complaint refers.

The record before the Court shows that Ms. Miranda, who was the plaintiff in the earlier state court case against Chipotle, was deposed in that case on February 24, 2017. ECF 90 (Baker Decl.) at ¶ 3. Chipotle's lead counsel in this case also represented Chipotle in the case filed by Ms. Miranda. *See* ECF 90 at Ex. A.

In this litigation, the EEOC's initial disclosures served on January 26, 2018 identified Ms. Miranda as a witness. ECF 90 at Ex. D. Ms. Miranda appeared for deposition on May 14, 2019, in response to a subpoena served by the EEOC. ECF 90 at ¶ 7. According to the EEOC, it deposed Ms. Miranda for one hour and four minutes on that date. *Id.* at ¶ 8; ECF 86-1 (Shah Decl.) at ¶ 5. Chipotle then started questioning Ms. Miranda at 10:57 a.m. ECF 90 at ¶ 8; ECF 86-1 at ¶ 5; ECF 86-4 (Miranda Depo. trans. at 43:11). The deposition adjourned at 2:10 p.m., when Ms. Miranda stated that she needed to leave for a prior commitment. ECF 90 at ¶ 8; ECF 86-4 at 158:16.[1] Chipotle contends that it had not completed its questioning of Ms. Miranda when the May 14, 2019 deposition adjourned. *See* ECF 86 at 1.

Chipotle subsequently served Ms. Miranda with a subpoena to appear on June 3, 2019 for the remainder of her deposition. *See* ECF 86-5. At Ms. Miranda's request. the deposition was scheduled to take place at her workplace in Stanford, California. *Id.*; ECF 86-1 at ¶ 9. On the day of the deposition, it appears that Ms. Miranda became upset when Chipotle's counsel and videographer were admitted into the building before the scheduled deposition time in order to set up. ECF 86-6 at 5:8-19. According to the EEOC, Ms. Miranda was upset because Chipotle's attorney and videographer arrived before she was authorized by building management to allow them access; as a result, she had to report the matter to the building manager and feared that she would lose her job as a result. ECF 90 at ¶ 9. At Ms. Miranda's insistence, the deposition did not proceed that day. ECF 86-6 at 5:14-25.

Chipotle then served Ms. Miranda with a subpoena to appear for deposition on July 10,

---

[1] During Chipotle's questioning, there was at least one break, totaling 26 minutes. *See* ECF 86-4 at 95:22.

2

2019 in San Jose, California. ECF 86-1 at ¶ 10; ECF 86-7. She did not appear at the deposition. ECF 86-8. Chipotle's counsel states that he had attempted to reach her on July 3 to confirm her attendance on July 10, but did not hear back from her. ECF 86-1 at ¶ 11. When he called her on July 10 from the site of the deposition, she told him she was at work, had just returned from a seven-day vacation, and would not appear due to a medical condition. *Id.*; ECF 86-8. According to the EEOC, Ms. Miranda had told Chipotle's counsel in advance that she would not be available on July 10. ECF 90 at ¶ 10; ECF 86-8 at 5:16-24.

Ms. Miranda did not file a motion to quash Chipotle's subpoena or a motion for a protective order preventing her deposition. However, on July 19, 2019, Chipotle moved to extend the August 1, 2019 fact discovery deadline to permit it to complete Ms. Miranda's deposition or, alternatively, to compel Ms. Miranda to appear for deposition before the August 1 deadline. ECF 86. The EEOC opposed Chipotle's motion. ECF 89. On July 25, 2019, the Court issued an order granting an extension of the fact discovery deadline until August 23, 2019 for the purpose of Chipotle completing the deposition of Ms. Miranda. ECF 92. The Court noted that Chipotle's motion to extend the discovery deadline, which did not appear to have been served on Ms. Miranda, was "not a proper means to compel the deposition of a third-party witness." *Id.* at 1 (citing Fed. R. Civ. P. 45). The Court instructed Chipotle to serve Ms. Miranda with a copy of the Court's July 25 order and to attempt once again to secure her appearance at deposition. *Id.* at 4. The Court's order provided that if Chipotle and Ms. Miranda were unable to agree on the completion of the deposition, Chipotle was to file a motion pursuant to Rule 45(g) by July 31, 2019 and Ms. Miranda could file an opposition by August 14, 2019. *Id.* at 3.

Chipotle's present motion to compel and motion for an order to show cause was filed on July 31, 2019. *Id.* Chipotle reports that following service of the court's July 25 order, Ms. Miranda refused to provide a date upon which she could be deposed prior to August 23, 2019, the deadline the Court indicated in its July 25 order. ECF 93-1 at ¶ 8.

Ms. Miranda sent a letter dated August 13, 2019 to the Court requesting to be excused from deposition. ECF 103. Ms. Miranda's letter states that she has gallbladder surgery scheduled for August 29, 2019 and that she is unable to appear for deposition due to the medical side effects,

3

which are specifically described, of her gallbladder issues. ECF 103. According to Ms. Miranda, she will be on short-term disability following the surgery. *Id.* Ms. Miranda has provided a note from her doctor confirming her upcoming surgery on August 29. *Id.* Ms. Miranda also cites other reasons why she contends she cannot participate in a deposition, including depression stemming from the death of several family members, her recent guardianship of three grandchildren, and a two-hour commute each way to work. *Id.*

## II. LEGAL STANDARD

The scope of discovery in a civil action includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Proc. 26(b)(1). Discovery from non-parties may be sought by way of a Rule 45 subpoena. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. Proc. 45(d)(1).

On timely motion, the court may quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. Proc. 45(d)(3)(A)(iv). A party from whom discovery is sought may move for a protective order to protect that person from annoyance, embarrassment, oppression, or undue burden or expense by forbidding the discovery or by other means. Fed. R. Civ. Proc. 26(c)(1). Here, Ms. Miranda did not file a motion to quash or a motion for protective order.

Rule 45(g) states that the court for the district where compliance with a subpoena is required "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." "[W]hen a non-party does not comply with a subpoena and does not appear for deposition, the most appropriate procedural step is to file an application for an order to show cause, not a motion to compel." *Martinez v. City of Pittsburg*, No. C 11-1017 SBA (LB), 2012 WL 699462, at *4 (N.D. Cal. Mar. 1, 2012) (citations omitted); *see also AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393-YGR(JSC), 2014 WL

6706898, at *1 (N.D. Cal. Nov. 25, 2014) ("Under Federal Rule of Civil Procedure 37, a party may move for an order compelling discovery or a disclosure; ordinarily, however, subpoena related motions are filed under Federal Rule of Civil Procedure 45.").

## III. DISCUSSION

Chipotle's present motion requests two forms of relief: (1) an order requiring Ms. Miranda to appear at her deposition, and (2) an order requiring Ms. Miranda to show cause as to why she should not be held in contempt. ECF 93. Because the Court's July 25 order already required Chipotle and Ms. Miranda to confer regarding a date to complete her deposition and, if they were unable to do so, requested that Chipotle filed a motion for contempt pursuant to Rule 45(g), the Court will treat Chipotle's present motion as a motion pursuant to Rule 45(g) seeking to hold Ms. Miranda in contempt.[2] Normally, if a court determines that a person has violated a specific and definite order of the court, the Court should issue an order to show cause. *See Martinez*, 2012 WL 699462, at *4. Here, the Court treats Ms. Miranda's August 13 letter as her attempt to show cause why she should not be held in contempt.

The standard for holding a person who has failed to obey a subpoena or related order in contempt requires the Court to consider whether that person has an "adequate excuse" for her failure. Fed. R. Civ. Proc. 45(g). "Civil contempt is characterized by the court's desire to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries which result from the non-compliance." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). A district court has "wide latitude" in determining whether there has been contempt of its order. *Martinez*, 2012 WL 699462, at *3 (citing *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992)).

---

[2] Chipotle argues that "the more prudent practice for the court is to issue an order compelling compliance with the subpoena before entertaining a motion for contempt." ECF 93 at 1 (citations and quotation marks omitted). Here, the Court's July 23 order already directed Ms. Miranda and Chipotle to discuss rescheduling her deposition. In any event, even though subpoenas are issued by attorneys, "defiance of a subpoena is nevertheless the act of defiance of a court order and exposes the defiant witness to contempt sanctions," at least where the recipient does not object in writing to the subpoena.. Adv. Cmte. Note to Rule 45(a); *see also Bademyan v. Receivable Mgmt. Svcs. Corp.*, No. 08-00519 MMM (RZx), 2009 WL 605789, at *2 (C.D. Cal. Mar. 9, 2009); Fed. R. Civ. P. 45(d)(2)(B). This is reflected in the language of Rule 45(g), which states that the court may hold in contempt a person who has failed to obey "the subpoena or an order related to it."

To establish civil contempt, the moving party must show by clear and convincing evidence that the there has been a violation of a specific order of the court. *Martinez*, 2012 WL 699462, at *3 (citing *FTC v. Enforma Natural Products, Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004)). If the moving party makes that showing, the burden shifts to the responding party to show the he took every possible step to comply with the subpoena and to articulate reasons why compliance was not possible. *Martinez*, 2012 WL 699462, at *3 (citing *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983)). In considering the contemnor's reasons why compliance was not possible, the court "may consider a history of noncompliance and a failure to comply despite the pendency of a contempt motion." *Martinez*, 2012 WL 699462, at *3 (quoting *Stone*, 968 F.2d at 856–57). If a contemnor has performed "all reasonable steps within [her] power to insure compliance" with the court's orders, she should not be held in contempt. *Stone*, 968 F.2d at 856. However, "[i]ntent is irrelevant to a finding of civil contempt and, therefore, good faith is not a defense." *Id.*

Chipotle has demonstrated that Ms. Miranda did not comply with a subpoena issued by Chipotle and did not agree with Chipotle on a date on or before August 23 when she could be deposed, as set forth in this Court's July 23 order. However, the Court concludes that Ms. Miranda has now shown that her compliance with those orders was not possible and thus that she has an adequate excuse for her noncompliance. In reaching this conclusion, the Court considers the full context of the attempts to depose Ms. Miranda in this case in light of the additional evidence now before the Court. The record reflects that Ms. Miranda appeared for deposition in response to the EEOC subpoena on May 14, 2019, and that Chipotle was able to question her for over two hours on that date. Ms. Miranda initially agreed to appear for a follow-up deposition on June 3, 2019 in response to Chipotle's subpoena, and appears to have facilitated deposition arrangements at her place of employment. The deposition did not take place, perhaps due to a miscommunication or misunderstanding concerning the time when Chipotle's counsel and videographer would arrive. Similarly, Chipotle's subpoena for Ms. Miranda to appear on July 10 did not secure her attendance; again, it appears there was a miscommunication or misunderstanding between the parties regarding Ms. Miranda's availability on that date. According to Chipotle's counsel, he contacted Ms. Miranda again following this Court's July 25

6

order, seeking to schedule a deposition prior to August 23, 2019, and Ms. Miranda refused. ECF 93-1 at ¶ 8. According to Ms. Miranda, she had informed the attorneys (at least in general terms) of a medical condition that made her unavailable for deposition. ECF 103.

Ms. Miranda's submission, in particular the doctor's note, confirms that she in fact has a medical condition requiring surgery in two weeks, which Ms. Miranda claims is causing her serious side effects at this time, thus making her unavailable for deposition. *Id.* In evaluating this situation, the Court also bears in mind that Ms. Miranda is a third party witness who appeared for deposition in this case and was questioned for over two hours by Chipotle (as well as over one hour by the EEOC), and she made at least some effort to appear to complete her deposition. Although Ms. Miranda has information relevant to this case, she has been previously deposed by Chipotle in a different case concerning her allegations against the company. Viewing these circumstances as whole and exercising its "wide latitude" in determining whether there has been a contempt of its orders, *Martinez*, 2012 WL 699462, at *3, the Court concludes that Ms. Miranda should not be held in contempt.

To be clear, the Court recognizes that, as a result of this order, the deposition of Ms. Miranda in this case is incomplete. The parties may address any arguments about the implication of, and proper remedies for, this circumstance to the District Judge at the time of trial.

## IV. CONCLUSION

For the foregoing reasons, Chipotle's motion for order to appear at deposition and order to show cause is DENIED.

**SO ORDERED.**

Dated: August 15, 2019

SUSAN VAN KEULEN
United States Magistrate Judge

7