ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER, SBN 291836 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Avenue, 5th Fl. West
P.O. BOX 36025
San Francisco, CA 94102
Telephone No. (415) 522-3262
Email: James.Baker@eeoc.gov

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CHIPOTLE MEXICAN GRILL, INC.;<br>CHIPOTLE SERVICES LLC.,<br><br>Defendants. | Case No.: 5:17-cv-05382-BLF<br><br>[PROPOSED] CONSENT DECREE |

## I. INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (EEOC or Commission) and Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (Chipotle or Defendants), enter into this Consent Decree (Decree) to resolve the Commission's First Amended Complaint (Complaint), filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq. (Title VII). The Complaint alleges that Austin Melton was subjected to a hostile work environment because of his sex (male), constructively discharged, and retaliated against in violation of Title VII. Chipotle denies the allegations of the Complaint and, by entering into this Consent Decree, does not admit liability with respect to any of the allegations therein.

/ / /

/ / /

## II. PURPOSES AND SCOPE OF THE CONSENT DECREE

**A.** The Parties to this Decree are the EEOC, Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (collectively, Parties).

**B.** The Parties have entered into this Decree in order to:

    **1.** Provide monetary and injunctive relief;

    **2.** Ensure that Chipotle's employment practices comply with Title VII;

    **3.** Ensure a work environment free from sexual/sex-based discrimination, harassment, and retaliation;

    **4.** Ensure that Chipotle's employees, including managers, supervisors, and human resources employees receive appropriate training with respect to their obligations and rights under Title VII;

    **5.** Enhance Chipotle's mechanisms for receiving and handling complaints of discrimination, harassment, and retaliation in the workplace.

## III. SCOPE OF RESOLUTION

**A.** This Decree completely and finally resolves all allegations raised in the Charge of Discrimination filed by Austin Melton (EEOC Charge No. 556-2016-00411), and all claims made in the EEOC's First Amended Complaint filed in the United States District Court, Northern District of California on February 23, 2018, in the action captioned, *U.S. Equal Employment Opportunity Commission vs. Chipotle Mexican Grill, Inc.; Chipotle Services, LLC*; Case No. 5:17-cv-05382-BLF (Action).

**B.** Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendants fail to comply with the applicable terms of the Decree.

**C.** Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply fully with Title VII or any other federal employment statute.

**D.** This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or that may later arise against Defendants in accordance with standard EEOC procedures.

1  **E.** The provisions of this Decree shall be applicable to restaurants and/or managers and employees at the locations identified in Exhibit A (Subject Restaurants).

**IV.   JURISDICTION**

**A.** The Court has jurisdiction over the Parties and the subject matter of this Action. The First Amended Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree. The Parties agree that the alleged acts took place within the jurisdiction of the United States District Court for the Northern District of California at San Jose.

**B.** The Court shall retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to fully implement the relief provided herein.

**V.   EFFECTIVE DATE AND DURATION OF DECREE**

**A.** The provisions contained herein are effective immediately on the date that this Decree is entered by the Court (Effective Date).

**B.** The Decree shall remain in effect for three (3) years after the Effective Date and will expire on its own terms.

**VI.   MONETARY RELIEF**

**A.** In settlement of the Charge of Discrimination and this Action, Defendants shall pay to Austin Melton, a total of $95,000 (ninety-five thousand dollars and zero cents) within twenty (20) business days of the Effective Date.

**B.** Of the settlement payment, nine hundred dollars ($900.00) shall be characterized as wages and appropriate withholdings shall be made by Chipotle.  The portion of the settlement payment that is characterized as wages shall be reported on an IRS Form W-2.  All remaining amounts distributed under the terms of this Decree constitute non-wage compensatory damages under Title VII and the Civil Rights Act of 1991 and, as to those remaining amounts, no tax withholdings shall be made. Chipotle shall issue an IRS Form 1099 – Misc. to Austin Melton reflecting the amount of this check and shall make such reports as necessary and appropriate under state and federal tax laws.

/ / /

1      **C.**    Chipotle shall send the checks, including an accounting of any payroll withholdings or other deductions, directly to Austin Melton at an address provided by the EEOC. The EEOC shall provide the address to Defendants no later than ten (10) days after the Effective Date. Chipotle will also provide a copy of the checks including an accounting of any payroll withholdings or other deductions, to EEOC counsel of record, at EEOC-SFDO_COMPLIANCE@eeoc.gov on the same day that it mails the checks to Mr. Melton.

    **D.**    Defendants will not condition the receipt of monetary relief on Mr. Melton's agreement to: (a) maintain as confidential the facts and/or allegations underlying his charge and complaint and the terms of this Consent Decree; (b) waive his statutory right to file a charge with any government agency; or (c) not reapply for employment.

**VII.    GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION**

    **A.**    Upon entry of this Decree, Defendants and their officers, agents, employees, and successors and assigns are enjoined from engaging in any of the following unlawful conduct: (a) discriminating against or harassing any employee based on sex; (b) retaliating against any person because he or she opposes or opposed discriminatory practices made unlawful by Title VII.

    **B.**    During the duration of the Decree, Defendants will provide prior written notice to any potential purchaser of Defendants' businesses, or a purchaser of all or a portion of Defendants' assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's complaint, and the existence and contents of this Consent Decree.

**VIII.    SPECIFIC INJUNCTIVE RELIEF**

    **A.**    **Non-Disclosure of Information**

        **1.**    Chipotle will respond in a neutral manner to any job verification or job reference request, and shall not disclose any information about, or make reference to, Mr. Melton's charge of discrimination or internal complaints of harassment, discrimination or retaliation, or this lawsuit. Consistent with its usual practices, Chipotle will respond to any request directed to The Work Number (www.theworknumber.com or 1-800-367-2884) or through an email sent to teamcompliance@chipotle.com by confirming only Mr. Melton's dates of employment and positions held by Mr. Melton during his employment by Chipotle.

**B.     Policy and Procedure Concerning Discrimination, Harassment, Retaliation**

**1.**     Within ninety (90) days of the Effective Date, Defendants shall review and revise Chipotle's policies and internal complaint procedure for complaints of discrimination, harassment, and retaliation for complaining about, reporting or otherwise opposing such harassment, discrimination or retaliation.

**2.**     The policies shall:

**(a)**     Prohibit sexually harassing conduct at Chipotle facilities, which may include, but is not limited to, kissing, massaging, profane language, and displaying private body parts.

**(b)**     Require managers to promptly escalate all verbal and written complaints of prohibited harassment they receive and/or witness to the Respectful Workplace Hotline for investigation in accordance with this Section. Chipotle shall warn managers that a failure to promptly escalate such complaints may result in discipline up to and including termination.

**(c)**     Assure that if an allegation of retaliation against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

**3.**     The internal complaint procedure shall, at a minimum, clearly state that:

**(a)**     Chipotle will interview the complainant and witnesses privately, outside the presence of the accused;

**(b)**     Chipotle will commence within seven (7) business days a thorough investigation that shall be conducted by a person trained to conduct such investigations, and complete the investigation within thirty (30) business days, absent extenuating circumstances;

**(c)**     Chipotle will interview all appropriate relevant and available witnesses, including the complainant, and review all appropriate relevant and available documents;

**(d)**     Chipotle will communicate with the complainant in writing regarding the status of the complaint, investigation and any final determination within five (5) business days after the conclusion of the investigation, absent extenuating circumstances;

/ / /

/ / /

       **(e)**    Chipotle will memorialize verbal complaints made to the Respectful Workplace Hotline, and maintain written records of all investigatory steps, including interview notes, findings or conclusions of the investigation and any remedial actions taken;

       **(f)**    Chipotle will follow up with a complainant within five (5) business days after resolution of the complaint to inquire whether the complainant believes that he or she has been subjected to further harassment, discrimination or retaliation, absent extenuating circumstances.

       **(g)**    Complainants dissatisfied with the results of an internal investigation shall have the opportunity to appeal to the People Experience Partner, who shall review the investigation and follow up, as necessary. The People Experience Partner reviewing the appeal shall be senior in hierarchy to the individual who conducted the initial investigation;

       **(h)**    During the investigation, the complainant shall not be required to confront his or her harasser;

       **(i)**    Reporting discrimination, harassment or retaliation to the complainant's manager or a higher-level management official, People Experience Partner or through the Confidential Respectful Workplace Hotline are equally appropriate methods of reporting allegations of harassment or discrimination.

       **4.**    Within one hundred twenty (120) days of the Effective Date, Chipotle shall provide the EEOC with a copy of the policies and procedures described in this Section, including the revised internal complaint procedures. Upon receipt, the EEOC shall have fifteen (15) days to review and/or comment on the policies and procedures. Chipotle shall within thirty (30) days thereafter distribute the policies and procedures described in this Section to its restaurant employees, including management, supervisory, and human resources employees. Thereafter, new employees shall be provided copies of all revised policies and trained on Chipotle discrimination and harassment policies within thirty (30) days of hire. New employees shall sign an acknowledgement of receipt of the policies referenced in Section VIII(B)(1).  These acknowledgements shall be maintained by Defendants in the employees' personnel files.

       **5.**    In the event that Defendants materially modify any of the policies referenced in this Section during the duration of the Decree, Defendants shall submit to the EEOC for its review

and consideration the proposed modifications no later than thirty (30) days before adoption. The EEOC will notify Defendants within fifteen (15) days of receipt of the proposed modifications if it has any concerns about the proposed modifications.  EEOC agrees to review the proposed modifications in good faith.

  **6.** For purposes of this Section, "materially" shall refer to any modifications to the substantive provisions referenced in Paragraphs VIII(B)(2) and VIII(B)(3), above.

 **C.** **Training**

  **1.** All non-supervisory employees shall be required to attend a sexual harassment training program annually during the duration of this Decree. The program shall be at least one (1) hour in length and shall include:

   **(a)** instruction on equal employment opportunity rights and responsibilities, including, but not limited to, Title VII's prohibitions against sexual/sex-based harassment or retaliation, and Chipotle's policies and procedures for reporting and handling complaints of sexual/sex-based harassment or retaliation;

   **(b)** a component of "respectful workplace training," i.e., instruction intended to educate employees about conduct that is unacceptable in the workplace, including behavior which, if left unchecked, may rise to the level of actionable harassment;

   **(c)** a component of "bystander intervention training," i.e. instruction that will emphasize that a co-worker who observes workplace harassment should report it to management;

   **(d)** Defendants shall ensure that the training is developed and administered by instructors with expertise in anti-harassment and anti-discrimination matters. The initial training of non-supervisory employees shall be concluded within one hundred eighty (180) days of the Effective Date.

  **2.** All Chipotle supervisory employees shall be required to attend a sexual harassment training program annually during the duration of this Decree. The Program will be at least two (2) hours in length and, in addition to the topics listed in Section VIII(C)(1) above, shall include training on how to recognize discrimination/harassment, training on how to take preventative

and corrective measures against discrimination/harassment, responsibilities of managers under equal employment opportunity laws, training on how to properly handle and investigate complaints of discrimination and/or harassment in a neutral manner, and how to prevent retaliation. The initial training of supervisory employees must be concluded within one hundred and eighty (180) days of the Effective Date.

      **3.**     All training described in Sections VIII(C)(1) and VIII(C)(2), above, shall be presented in an online, interactive format, requiring trainees to answer questions, and to receive a passing score, about the topics and scenarios presented through the training. The training format shall afford employees the opportunity to submit questions to, and to receive answers from, a dedicated email address that will be provided during the training. The training shall be made available in both English and Spanish.

      **4.**     Thereafter, during the duration of the Decree, all Chipotle employees promoted from a non-supervisory to a managerial position shall receive sexual harassment training described in Section VIII(C)(2) within one hundred eighty (180) days of promotion.

      **5.**     Within one hundred and eighty (180) days of the Effective Date, Chipotle's Restaurant People Experience team, who are designated by Defendants to investigate complaints of discrimination, shall receive specialized in-person, interactive training about how to conduct and document competent and unbiased investigations. Defendants shall ensure that the training is developed and administered by third-party instructors with expertise in conducting investigations of employee complaints of harassment, retaliation and discrimination. The duration of this training shall be at the discretion of the trainer but shall be adequate to address all of the required subject matters described in this paragraph. Thereafter, new members of the Restaurant People Experience Team designated to investigate complaints of discrimination or harassment shall receive this training within sixty (60) days of hire or transfer.

      **6.**     Chipotle shall track in writing or electronically all employees required to attend, and who do attend, a sexual harassment training or investigator training program under the terms of this Decree.

/ / /

[PROPOSE] CONSENT DECREE       8      *EEOC v. CHIPOTLE MEXICAN GRILL, INC. et.al.*
5:17-cv-05383-BLF

**7.** Within thirty (30) days after the Effective Date, Defendants shall identify all proposed trainers and/or curriculum consultants for the training to be provided pursuant to Paragraphs VIII(C)(1) through VIII(C)(5) of this Decree. The EEOC will raise any objections to the proposed trainers/consultants within fifteen (15) days of identification.

**8.** Within sixty (60) days after the Effective Date, Chipotle shall submit to the EEOC a description of all training to be provided pursuant to Paragraphs VIII(C)(1) through VIII(C)(5) of this Decree and an outline of the curriculum developed for the trainees. EEOC may provide comment within fifteen (15) days regarding any proposed revisions to the trainings.

**9.** For all subsequent training sessions, Defendants shall provide the EEOC with copies of all training materials (if materially changed in any way) no later than thirty (30) days prior to use. The EEOC will advise Defendants of any objections or comments to proposed training materials within fifteen (15) days.

**10.** For purposes of this Section, "materially" shall refer to any modifications that change the substantive provisions referenced in Paragraphs VIII(C)(1) through VIII(C)(5) of this Section.

## IX.  SUPERVISOR ACCOUNTABILITY

**A.** Within ninety (90) days of the Effective Date, Chipotle shall adopt and disseminate policies to ensure that supervisors and managers are held accountable for their compliance with EEO policies and procedures, and the achievement of a discrimination-free workplace. The policies shall provide that:

**1.** All managers at the level of General Manager, Restaurateur, Field Leader, or Team Director shall receive annual written, qualitative evaluations assessing whether the evaluated managers are creating a respectful and harassment-free environment at the stores within their supervision. This evaluation shall be provided in a separate section of the evaluated manager's written performance review. The evaluated manager shall be required to submit a self-evaluation that explains the affirmative steps the manager took to foster a respectful and harassment-free environment during the review period. In advance of the evaluation, the evaluating manager or supervisor will contact the Restaurant People Experience Team in advance to discern for information

about the harassment complaints that arose at the evaluated manager's restaurant(s) during the review period, and shall incorporate appropriate feedback into the performance review;

      **2.**    Supervisors and managers who violate Chipotle's anti-discrimination policies shall receive appropriate discipline up to and including termination;

      **3.**    Supervisors and managers are required to actively monitor their restaurants to ensure employees' compliance with the company's anti-discrimination policies, and to report any incidents and/or complaints of discrimination, harassment and/or retaliation which they observe, or of which they become aware;

      **4.**    Chipotle shall review and discuss with supervisors and managers any instances in which an employee claims that their complaint was not forwarded to the Respectful Workplace Hotline.

    **B.**    Chipotle will use the policies mandated in this Section throughout the duration of this Decree. The performance standards shall be provided to the EEOC for review and comment no later than sixty (60) days after the Effective Date. Thereafter, the EEOC will advise Defendants of any input and/or comments to the performance standards within fifteen (15) days.

## X. NOTICE

Within sixty (60) days after the Effective Date, Chipotle shall post for the duration of this Decree, in a prominent place frequented by employees at locations within the Subject Restaurants, the notice attached as Exhibit B. The notice shall be the same type, style, and size as Exhibit B. The notice shall remain posted throughout the duration of the Decree and shall be replaced if it is removed or becomes defaced. Chipotle shall certify to the EEOC in writing that the Notice has been posted and the location of the posting within ten (10) days of posting.

## XI. RECORD KEEPING

    **A.**    Chipotle shall establish a record-keeping procedure that provides for the centralized tracking of discrimination, harassment, and retaliation complaints and the monitoring of such complaints to prevent retaliation.

      **1.**    The records to be maintained shall include:

/ / /

**(a)** A database recording the identities of each individual accused of harassment, discrimination and/or retaliation, and a summary of the complaint;

**(b)** All documents generated in connection with any complaint of harassment and/or retaliation, including documents relating to all investigations or resolutions of any such complaints and the identities of all witnesses identified by the complainant and/or through Chipotle's investigation;

**(c)** All documents generated in connection with the monitoring, counseling, and disciplining of employees whom Chipotle determines to have engaged in behavior that may constitute sexual/sex-based harassment and/or retaliation.

## XII. REPORTING

**A.** In addition to the notice and reporting requirements above, Chipotle shall provide the following reports to the EEOC in writing, by e-mail to EEOC-SFDO_COMPLIANCE@eeoc.gov:

**1.** Within one hundred eighty days (180) days after the Effective Date, Chipotle shall submit to EEOC an initial report containing the following information regarding Chipotle's actions under this Decree:

**(a)** A copy of its discrimination, harassment and retaliation policies required under the terms of this Decree, including the internal complaint and investigation procedures;

**(b)** A description of the procedures and record-keeping methods developed for centralized tracking of sexual/sex-based harassment or retaliation complaints and the monitoring of such complaints;

**(c)** A statement confirming all training required under this Decree has been initiated and/or completed.

**2.** Chipotle shall also provide semi-annual reports throughout the term of this Decree containing the following information regarding Chipotle's actions under this Decree. The first report shall be submitted within one hundred eighty (180) days of the Effective Date.

**(a)** Complete attendance lists for all training sessions required under this that took place during the previous six months;

**(b)** A description of all Chipotle's sex-based harassment and retaliation complaints made, investigated, or resolved in the previous six months at the Subject Restaurants, including the names of the complainants; the nature of the complaint; the names of the alleged perpetrators of sexual/sex-based harassment or retaliation; the dates of the alleged sexual/sex-based harassment or retaliation; a brief summary of how each complaint was resolved; and the identity of each Chipotle employee(s) who investigated or resolved each complaint. In response to its review and assessment of the information provided in this Section, the EEOC may subsequently request in writing the identity and most recent contact information of each complainant and of each witness identified by the complainant and/or investigation. Upon the EEOC's request, Chipotle shall provide the contact information to the EEOC within 15 business days.

**(c)** Chipotle shall provide the information mandated in this Paragraph in one of the following searchable formats:  Excel, Access, or ASCII delimited ("csv").  Regardless of the format, the first row shall consist of the field (or variable) names.  There must be one column for each field (variable) requested.  First and last names must be provided as separate fields (variables).

**3.** Within thirty (30) business days following a written request by the EEOC, Chipotle shall make available to the EEOC the non-privileged, non-work-product records maintained pursuant to Section XI(A). Chipotle shall provide a privilege log in accordance with the Civil Scheduling and Discovery Standing Order for Magistrate Judge Susan van Keulen (Updated March 2019) for any records it asserts are covered by a privilege or the work-product doctrine.

**4.** Chipotle shall provide a report detailing any planned material changes to the policies, procedures, or record-keeping methods for complaints at least thirty (30) days prior to implementing such changes. For purposes of this Section, "material" shall refer to any modifications that change the substantive provisions referenced in Section XI(A).

**XIII. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE**

Chipotle shall bear all costs associated with its administration and implementation of its obligations under this Decree.

///

## XIV. COSTS AND ATTORNEYS' FEES

Each Party shall bear its own costs of suit and attorneys' fees.

## XV. DECREE ENFORCEMENT

**A.** If the Commission has reason to believe that either Defendant has failed to comply with any applicable provision of the Decree, the Commission shall notify Defendants, and their attorney of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) of the Decree that the Commission believes has/have been breached and the facts or allegations upon which the Commission bases its belief. Defendants shall have sixty (60) days from the date of notice ("Dispute Resolution Period") to attempt to cure the breach.

**B.** The Parties shall cooperate with each other and use their best efforts to resolve any dispute raised by either Party.

**C.** Should Defendants fail to cure the alleged breach to the Commission's satisfaction within the Dispute Resolution Period, the Commission may bring a noticed motion before this Court to enforce the Decree.

**D.** Should the Court determine that Defendants breached the Decree, the Court shall take whatever measures it deems appropriate to effectuate the enforcement of the terms of this Decree, including, if necessary, extending the duration of the Decree.  No provision of this Decree shall be construed as a waiver of Chipotle's right to challenge the appropriateness of any potential relief contemplated by the Court to resolve a breach of the Decree.

## XVI. MODIFICATION AND SEVERABILITY

**A.** This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree shall be effective unless made in writing and signed by an authorized representative of each Party.

**B.** If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes. In any such event, the remaining provisions will remain in full force and effect.

///

## XVII. MISCELLANEOUS PROVISIONS

**A.** The parties agree to entry of this Decree subject to final approval by the Court.

## XVIII. COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect as an original signature or copy thereof.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

Dated:  November 27, 2019

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

 */s/  Roberta L. Steele*
Roberta L. Steele
Regional Attorney, San Francisco District Office
For Plaintiff EEOC

Dated:  November 27, 2019

CHIPOTLE MEXICAN GRILL, INC. and CHIPOTLE SERVICES, LLC

 */s/  Charles C. Cavanagh*
Charles C. Cavanagh
Attorney for Defendants Chipotle Mexican Grill Inc., and Chipotle Services, LLC

### LOCAL RULE 5-1(i)(3) ATTESTATION

I, James H Baker, am the ECF User whose ID and password are being used to file the foregoing document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that counsel for Defendants concurred in this filing.

Dated:  November 29, 2019

By:  */s/ James H. Baker*
JAMES H. BAKER

/ / /

/ / /

/ / /

# [~~PROPOSED~~] ORDER

**IT IS HEREBY ORDERED THAT:**

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions therein is HEREBY ORDERED. The Court hereby retains jurisdiction over this Consent Decree for its three (3) year duration.

IT IS SO ORDERED.

December 2, 2019

*[signature]*
_____
HON. BETH LABSON FREEMAN
United States District Court Judge

# Exhibit A – RESTAURANT LIST

| Rest # | Restaurant | Phone | Address | City | State | Postal |
|---|---|---|---|---|---|---|
| 211 | Cupertino B2 | 408.252.5421 | 10385 S. De Anza Blvd. | Cupertino | CA | 95014 |
| 279 | Cherry Orchard | 408.773.1304 | 324 W. El Camino Real, #B-3 | Sunnyvale | CA | 94087 |
| 801 | Mountain View | 650.969.6528 | 2400 Charleston Road | Mountain View | CA | 94043 |
| 1025 | San Jose Airport | 408.453.6115 | 1751 N 1st St, Ste 40 | San Jose | CA | 95112 |
| 1092 | Morgan Hill | 408.776.8505 | 775 Cochrane Rd, Ste 140 | Morgan Hill | CA | 95037 |
| 1093 | The Alameda | 408.288.9172 | 975 The Alameda, Suite 10 | San Jose | CA | 95126 |
| 1107 | Camden Park | 408.369.8163 | 2007 Camden Ave., #50 | San Jose | CA | 95124 |
| 1184 | Great Mall of America Bay Are | 408.935.9254 | 246 Great Mall Drive, Suite 246 | Milpitas | CA | 95035 |
| 1241 | Westgate Mall | 408.777.8902 | 1645 Saratoga Ave, Ste 10 | San Jose | CA | 95129 |
| 1416 | Winchester Blvd | 408.213.2935 | 369 S. Winchester Blvd. | San Jose | CA | 95128 |
| 1561 | At First | 408.520.4827 | 4180 North 1st Street, Unit 60 | San Jose | CA | 95134 |
| 1600 | Almaden | 408.724.5272 | 1110 Blossom Hill, Suite 30 | San Jose | CA | 95118 |
| 1611 | El Monte Center | 650.919.8448 | 1039 A El Monte Avenue | Mountain View | CA | 94040 |
| 1765 | Brokaw North | 408.703.2871 | 1095 East Brokaw Road, Suite 70 | San Jose | CA | 95112 |
| 1769 | Los Gatos | 408.353.7133 | 640 Blossom Hill Road | Los Gatos | CA | 95032 |
| 2043 | Oakridge Mall | 408.300.5107 | 925 Blossom Hill Road, Suite 1645 | San Jose | CA | 95123 |
| 2045 | Valley Fair Mall | 408.418.4086 | 2855 Stevens Creek Blvd, Suite 2471 | San Jose | CA | 95050-6743 |
| 2047 | Santa Clara | 408.418.4508 | 2002 El Camino Real 8 | Santa Clara | CA | 95050 |
| 2110 | McKee and N. Capitol Ave. | 408.457.6347 | 361 N Capitol Ave, Ste 30 | San Jose | CA | 95133-1947 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 2137 | Gilroy Ca | 408.848.4079 | 6955 Camino Arroyo, Suite 70 | Gilroy | CA | 95020 |
| 2138 | Evergreen | 408.300.5114 | 2990 East Capitol Expressway, Suite 40 | San Jose | CA | 95148 |
| 2149 | Rivermark | 408.418.4103 | 3952 Rivermark Parkway | Santa Clara | CA | 95054 |
| 2151 | Coleman Landings | 408.418.4500 | 540 Newhall Drive, Suite 10 | San Jose | CA | 95110 |
| 2258 | San Jose Village Oaks | 408.300.5186 | 5670 Cottle Rd, Suite 30 | San Jose | CA | 95123 |
| 2549 | Cupertino Homestead Square | 408.257.7682 | 20688 Homestead Rd | Cupertino | CA | 95014 |
| 3069 | San Jose One South Market | 408.286.3702 | One South Market St. Suite 40 | San Jose | CA | 95113 |
| 3068 | San Jose Sun Garden | 408.286.3371 | 1566 Monterey Rd. | San Jose | CA | 95112 |

**Exhibit B - NOTICE TO EMPLOYEES**

A federal agency called the U.S. Equal Employment Opportunity Commission (EEOC), and Chipotle Mexican Grill, Inc. and Chipotle Services, LLC have resolved a lawsuit by the EEOC involving allegations by a former employee of sexual harassment and retaliation. The title of the lawsuit is: *U.S. Equal Employment Opportunity Commission vs. Chipotle Mexican Grill, Inc.; Chipotle Services, LLC*; Case No. 5:17-cv-05382-BLF. The lawsuit was filed at the San Jose Federal Courthouse. This notice is being posted by order of the Court to settle the lawsuit.

Pursuant to the settlement, Chipotle has instituted additional policies and procedures to prevent harassment and retaliation against employees who complain. Chipotle will also provide additional training for supervisors and managers to make sure there is no unfair treatment in the workplace.

If you have any questions or complaints of harassment, you can follow the complaint process in your handbook, or you can contact the EEOC. The EEOC is the federal agency that protects employees from sexual harassment, retaliation and unfair treatment. Talking to the EEOC is free and the agency has employees who speak different languages including English, ASL, Spanish and many other languages.

For information about the EEOC, including the location nearest to you can contact:

Website:   www.eeoc.gov
Phone number: (415) 522-3070
TDD: (515) 625-5610
Email: info@ask.eeoc.gov

**THIS POSTING IS AN OFFICIAL NOTICE AND BY ORDER OF THE COURT**

**MUST NOT BE DEFACED OR OBSCURED**